UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-21698-CIV-MORENO/SIMONTON

TOPP, INC.,

    Plaintiff,

v.

UNIDEN AMERICA CORP.,

    Defendant.
_____/

## ORDER ON UNIDEN'S MOTION TO DETERMINE EXPENSE AWARD

    Presently pending before this Court is Uniden's Motion To Determine Amount of Expense Award Pursuant to the Magistrate Judge's Order Dated June 8, 2007 (DE # 323). This motion is referred to the undersigned Magistrate Judge (DE # 41). The motion is fully briefed (DE ## 325, 326). For the reasons stated below, Defendant Uniden's motion is granted, in the amount of $11,829.09.

    I. **Background**

    On June 11, 2007, the undersigned Magistrate Judge entered an Order granting Plaintiff Topp's renewed motion to compel the deposition of Uniden's corporate representative (DE # 316).[1]

    In the Order, the undersigned granted Uniden's request that it be awarded its expenses relating to the time which it spent on travel and preparation for the canceled December 1, 2006 deposition, based upon Topp's unilateral cancellation of the deposition on the evening of November 30, 2006. The undersigned specifically rejected Topp's contention that Uniden had suffered no unnecessary expense because it would have had

---

[1] While the Order was signed on June 8, 2007, it was not entered on the docket until June 11, 2007.

to prepare its corporate representative for deposition anyway, finding that the expenses connected to preparing for a deposition which was to occur more than six months ago have been wasted, that Uniden's corporate representative would have to be prepared again for deposition, and that the areas upon which the corporate representative would have to be prepared might be different than those he was previously prepared for, due to the present posture of the case. The undersigned stated that the deposition of Uniden's corporate representative would not take place until after Topp paid Uniden's expenses relating to the canceled deposition (DE # 316).

The instant motion followed.

II. The Parties' Positions

Uniden requests a total award of $16,220.48, consisting of $12,397.50 in attorney's fees and $3,822.98 in costs, and has filed in support thereof : a declaration on attorney's fees by attorney Nicolas Swerdloff (Ex. A to DE # 323); the declaration of attorney Frank G. Smith, the attorney who prepared Uniden's corporate representative for deposition (Ex. 1 to Ex. A to DE # 323) and Uniden's billing records regarding the preparation of Uniden's corporate representative for deposition (Ex. B to DE # 323).

Topp opposes Uniden's request. Initially, Topp contends that this Court's order did not award Uniden its attorney's fees in connection with the canceled deposition, but only the expenses associated with the canceled deposition. Next, Topp contends that the amount requested for attorney's fees is excessive. Topp makes a conclusory objection that the requested hourly rate of $551.00 for Uniden's attorney was excessive. Topp then argues that the 8 hours of attorney time requested for meeting with the corporate representative and the 8.5 hours spent preparing for the deposition should not be reimbursed, as this time was not wasted. Topp asks that Uniden's attorney only be

awarded six hours for travel time to and from Phoenix. Topp also objects to the $1,618.85 requested for first class airfare for Uniden's attorney, noting that the round trip airfare of Uniden employee Dan McWilliams to Phoenix was approximately $300.00. Topp contends that the amount awarded to Uniden for the airfare of its attorney should be reduced to $500.00. Topp also objects to, as excessive, $575.00 requested for a November 30, 2006 dinner with Uniden's attorney, the corporate representative and his wife, and McWilliams. Topp further objects to awarding Uniden the requested travel expenses of $592.66 for McWilliams, as McWilliams was not the deponent. Finally, Topp alleges that Uniden agreed to pay Topp $4,000.00 for travel expenses related to a terminated prior deposition of Uniden's corporate representative, and that this amount should be a benchmark for the award to Uniden here (DE # 325).

Initially, Uniden replies that the June 8, 2007 Order contemplated awarding Uniden the attorney's fees relating to the deposition which Topp unilaterally canceled at the last minute. Uniden notes that it supported the time expended, and the hourly rate of its attorney is supported with an expert's declaration, while Topp has not provided any evidence in opposition. Uniden contends that, on its face, 16.5 hours was a reasonable amount of time for Uniden's attorney to spend to prepare Uniden's corporate representative for deposition. Uniden agrees that it should not be awarded expenses relating to the wife of the corporate representative at dinner, but appears to state that it is not requesting that as an expense. Uniden also contends that its counsel worked on other matters on the airplanes to and from Phoenix, and that this time was not charged to Topp (DE # 326). Finally, Uniden also states that the prior agreement between the parties for Uniden to reimburse Topp $4,000.00 for expenses incurred in the prior terminated deposition of Uniden's corporate representative is irrelevant to this dispute, and notes

3

that the agreement between the parties states that the payment of the $4,000.00 is not an admission (Ex. 2 to DE # 326).

   III.  Analysis

   1.  Uniden Is Awarded Attorney's Fees

Contrary to Topp's contention, the term "expenses", as used in the June 8, 2007 Order, is used to denote Uniden's costs plus the attorney's fees incurred for wasted work in preparing the witness for deposition.

   2.  Attorney's Fees

Uniden seeks a total of $12,397.50 in attorneys' fees for services provided by its retained attorneys, representing 22.5 hours by attorney Frank G. Smith of Alston & Bird, LLP, Atlanta, Georgia at $551.00 an hour (Ex. A to DE # 323 at 1-2, ¶¶8-12).

This Court calculates a reasonable attorney's fee by using the lodestar method, which requires this Court to multiply the reasonable hours expended by Plaintiff's counsel by Plaintiff's counsel's reasonable hourly rate.  *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F.Supp. 1190, 1191 (S.D. Fla. 1991).  Plaintiff here bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates.  *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  Plaintiff's counsel must also supply detailed evidence of the hourly rates and time they expended so that this Court may properly assess the time claimed for each activity.  *See ACLU v. Barnes*, 168 F.3d at 427; *Norman v. Housing Auth. of Montgomery*, 836 F.2d at 1303.

This Court must first determine whether the hourly rate is reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."

4

*Norman*, 836 F.2d at 1299.  With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. at 1303.  Citation to prior precedent showing reasonable rate adjudications may be used to demonstrate proof of prevailing market rates, as can affidavits of other attorneys or experts.  *Haugh v. Sec'y of the Dep't of Health & Human Services*, 1999 WL 525539 at *2 (Fed. Cl. 1999).

After determining the reasonableness of the hourly rate, this Court must next determine the reasonableness of the hours expended.  *Norman*, 836 F.2d at 1301.  Plaintiff's counsel must use "billing judgment" and exclude unnecessary hours, "irrespective of the skill, reputation or experience of counsel.  *ACLU v. Barnes*, 168 F.3d at 427.  The reasonable hourly rate should already reflect the skill demonstrated by Plaintiff's counsel.  *Id*. at 1302; *Cuban Museum of Arts*, 771 F.Supp. at 1192.

a. <u>Hourly Rates</u>

Specifically, Uniden seeks fees based on an hourly rate of $551.00 for attorney Smith, representing Smith's usual $580.00 hourly rate minus Uniden's 5% discount (Ex. A to DE # 323 at 3, ¶11; Ex. 1 to Ex. A to DE # 323 at 2, ¶2).  Topp makes the conclusory statement that this rate is too high for this locality (DE # 325 at 3, 4), but later uses this rate when it states that a reasonable attorney's fees award would $3,306.00, representing 6 hours at an hourly rate of $551.00 (DE # 325 at 3-4).

A reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney.  *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984).

In support of attorney Smith's hourly rate request, Uniden relies upon: 1) attorney

Smith's experience (Ex. 1 to Ex. A to DE # 323 at 1-2, ¶¶1-2); 2) an expert's affidavit (Ex. A to DE # 30); and a newspaper article about attorney's hourly rates which appeared in the South Florida Business Review on July 12, 2007 (Ex. 1 to DE # 326).

The undersigned finds that the rate charged by attorney Smith is certainly at the high end of the spectrum of reasonable hourly rates.  However, under the circumstances of this case and the nature of the sanction, the undersigned will not reduce the requested hourly rate.  In this regard, the Court notes that Topp has not suggested an alternative hourly rate, and that Topp used the requested hourly rate in its suggesting a reasonable fee award for Uniden's attorney's travel time.  Therefore, after reviewing Uniden's supporting documentation, the nature of this case, and based upon the Court's own knowledge and experience, the undersigned Magistrate Judge finds that the requested hourly rate of $551.00 for attorney Smith is reasonable.[2]

   b.  <u>Reasonableness of Hours Requested</u>

Uniden seeks reimbursement for 22.5 hours expended by attorney Smith.  Topp objects to the 8.5 hours which attorney Smith spent on November 29, 2006, preparing for the deposition, and to the 8.0 hours which attorney Smith spent on November 30, 2006 meeting with the corporate representative to prepare him for the deposition.  Topp does not object to awarding Uniden 6.0 hours for attorney Smith's travel time (DE # 325 at 3-4).

Initially, because Topp does not object to reimbursing Uniden 6.0 hours for attorney Smith's travel time, the Court finds that attorney Smith's 6.0 hours for travel time is reasonable and that Topp should compensate Uniden for this time.

The undersigned rejects Topp's argument that Uniden should not be compensated

---

[2] The award of the requested hourly rate is not binding as to any future proceeding in this case.

for any of the claimed 16.5 hours of attorney time spent preparing for the deposition because both the attorney and the corporate representative will have the benefit of this preparation and extensive consultation when the deposition commences, as well as at trial (DE # 325 at 3).  The undersigned has already rejected this argument in the order granting Topp's renewed motion to compel the deposition of Uniden's corporate representative, stating that Uniden had suffered unnecessary expenses because of Topp's unilateral cancellation of the deposition the night before because: the expenses connected to preparing for a deposition which was to occur more than six months ago have been wasted; Uniden's corporate representative would have to be prepared again for deposition, and the areas upon which the corporate representative would have to be prepared might  be different than those he was previously prepared for, due to the present posture of the case (DE # 316 at 3).

However, although the undersigned finds that most of the time spent preparing for the deposition of Uniden's corporate representative was wasted due to the need to re-prepare the witness, there was some incremental value in the time spent.  Thus, not all of the 16.5 hours requested for preparing the witness for deposition are recoverable.  The undersigned finds that 12.5 hours spent in preparing the witness for deposition were wasted and are recoverable, and that 4.0 hours spent in preparing the witness for deposition had some lasting value and are not recoverable.

Therefore, the undersigned finds that Uniden should be awarded 18.5 hours, at an hourly rate of $551.00, and Uniden is awarded a total of $10,193.50 in reasonable attorney fees.

   2. <u>Reasonable Expenses</u>

Uniden requests an award of $3,822.98 in reasonable expenses associated with the

canceled deposition.  Topp objects to $1,118.85 as the difference between attorney Smith's $1,618.85 first class airfare and a $500.00 coach airfare.  Topp also objects to paying the $592.66 for the travel expenses of Uniden employee Dan McWilliams.  Finally, Topp objects to the $575.88 November 30, 2007 dinner bill for attorney Smith, McWilliams, the corporate representative and the corporate representative's wife.  Topp agrees to an expense award of $1536.47 (DE # 325 at 4).

The undersigned agrees that Topp should not have to pay for first class airfare for attorney Smith.  Therefore, the undersigned awards Uniden $500.00 for attorney Smith's round trip coach airfare between Atlanta and Phoenix, and disallows the $1,118.85 first class premium as representing merely the convenience of counsel.

Similarly, the undersigned agrees that Topp should not have to pay for the travel expenses of Uniden employee Dan McWilliams.  There is no evidence that McWilliams' presence was necessary to attorney Smith's preparation of the corporate representative for deposition.

The undersigned agrees in part with Topp's contention that it should not have to pay for the $575.88 dinner for attorney Smith, McWilliams, the corporate representative and the corporate representative's wife.  This dinner was clearly not necessary to prepare for the deposition, which had already been canceled by the time the dinner occurred.  However, attorney Smith had to eat dinner in Phoenix on the night of November 30, 2006 due to Topp's untimely cancellation of the December, 1, 2006 deposition.  Therefore, Uniden is awarded $100.00 for the cost of attorney Smith's dinner.[3]

For the reasons stated above, Uniden is awarded $1,635.59 in reasonable

---

[3] The undersigned notes that Topp did not object to Uniden's request for an award of $105.04 for attorney Smith's dinner in Phoenix on November 29, 2006.

expenses related to the canceled deposition, and $2,187.39 is denied.[4]

Therefore, for the aforesaid reasons, it is hereby

**ORDERED AND ADJUDGED** that Uniden's Motion To Determine Amount of Expense Award Pursuant to the Magistrate Judge's Order Dated June 8, 2007 (DE # 323), is **GRANTED** in the amount of $10,193.50 for attorney's fees and $1,635.59 for reasonable expenses, for a total award of $11,829.09 against Topp.

**DONE AND SUBMITTED** in chambers, in Miami, Florida, on July 25, 2007.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Federico A. Moreno,
   United States District Judge
All counsel of record

---

[4] The undersigned agrees with Uniden that the prior agreement between the parties for Uniden to reimburse Topp $4,000.00 for expenses incurred in the prior terminated deposition of Uniden's corporate representative is irrelevant to this dispute.