**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 05-21698-CIV-MORENO/SIMONTON**

**TOPP, INC.,**

      **Plaintiff,**

**v.**

**UNIDEN AMERICA CORP.,**

      **Defendant.**
_____/

## ORDER ON UNIDEN'S MOTION FOR PROTECTIVE ORDER AND TOPP'S CROSS-MOTION TO COMPEL

      Presently pending before this Court is Uniden's Motion for Protective Order (DE # 335) and Memorandum in Support (DE # 336), and Topp's Cross-Motion to Compel Compliance with the Court's Order of June 11, 2007 (DE # 342).  These motion are referred to the undersigned Magistrate Judge (DE # 41).  The motions are fully briefed (DE ## 345, 349).  For the reasons stated below, the motions are granted in part and denied in part, as set forth below.

      The present dispute concerns the scope of the deposition of Uniden's corporate representative.  Based upon a stipulation by counsel, the deposition was initially set to occur on November 30, 2006, which was after the close of discovery on September 11, 2006.  The deposition was then unilaterally canceled by Topp's counsel when the Court continued the trial in this case.  Thereafter, following the resolution of dispositive motions, and over the objection of Uniden, the undersigned Magistrate Judge entered an Order which permitted the deposition to go forward on a limited basis (DE # 316).

      In the present motion, Uniden objects to the scope of the Notice of Deposition on the grounds that it exceeds the issues that remain in this case; objects to any

requirement that it produce additional documents since the original notice of deposition did not seek production of additional documents; objects to the lack of particularity contained in the Notice; objects to the fact that it is set to occur over two days; and seeks a stay of the deposition until the Court rules on the pending dispositive motions.

In response, Topp states that the subjects of the deposition are within the scope of the remaining issues in the case; that the deposition should not be delayed pending the resolution of dispositive motions; that it will not exceed the seven-hour time limit, but wanted to allow for the possibility that seven hours would not be completed within a normal work day due to breaks; that it is not seeking to require the witness to become familiar with individual transactions contained in the database of returns and shipments, but only seeks testimony which explains the database; that the topics are sufficiently particularized; and that it is entitled to seek documents, and that the "only documents Plaintiff is asking the witness to produce are documents 'relied upon or referred to' in the course of addressing the topics set forth at the deposition." (DE # 342 at 9).  Topp has included a cross-motion to compel the testimony within its response, as well as a request for attorney's fees and costs (DE # 342 at 10).

The undersigned has reviewed the record as a whole, including the notices of deposition served by Topp with respect to the corporate representative of Uniden.  Based upon that review, the undersigned has determined that the deposition should go forward on one day, not to exceed seven hours; that the topics are sufficiently particular and are within the scope of the issues remaining in the case.  In this regard, the undersigned notes that although summary judgment was granted as to Count 1 of the operative Complaint, a motion for reconsideration is pending.  Therefore, the undersigned considers all counts viable at the present time.  However, the undersigned will not permit

2

the deposition to be expanded into a request for the production of additional documents. In the interests of justice, the Court permitted this deposition to go forward despite the fact that it was initially scheduled after the close of discovery, and that it was unilaterally canceled by Plaintiff's prior counsel.  However, the Court will go no further than that.  In addition, the corporate representative shall not be required to be familiar with individual transactions in the database provided by Uniden, but will be required to interpret this database upon questioning by Topp.  If Topp desires to question the corporate representative with respect to any documents, Topp shall be required to bring those documents to the deposition.  This deposition has been delayed long enough, and should proceed as soon as possible.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Uniden's Motion for Protective Order (DE # 335), and Topp's Cross-Motion to Compel Compliance with the Court's Order of June 11, 2007 (DE # 349) are each **GRANTED in part**, as set forth in the body of this Order.  The request for attorney's fees and costs is **DENIED**.  The deposition shall take place on or before September 30, 2007, at a mutually convenient date and time.  The parties may, by agreement, extend the date for taking this deposition.

**DONE AND ORDERED** in chambers, in Miami, Florida, on September 11, 2007.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable Federico A. Moreno,  Chief United States District Judge
All counsel of record

3