UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 05-21698-CIV-MORENO

TOPP, INC., a Florida corporation,

    Plaintiff,

vs.

UNIDEN AMERICA CORPORATION, a Delaware corporation,

    Defendant.
_____/

## ORDER GRANTING UNIDEN'S MOTION TO DISMISS COUNT 4 (FRAUD)

THIS CAUSE came before the Court upon Uniden's Motion to Dismiss Topp's Amended Count 4 (Fraud) (**D.E. No. 290**), filed on **April 26, 2007**.

Topp, Inc. was formerly in the business of refurbishing and reselling cordless telephones. The company had a longstanding business relationship with Uniden American Corporation, a phone manufacturer and retailer, to refurbish and resell returned Uniden phones. At one time, Topp sold refurbished Uniden phones throughout the United States, Canada and Latin America. Topp also sold some new Uniden products in Latin America. However, the relationship between the two companies eventually soured and the instant action ensued.

In this order, the Court only addresses Count 4 of Topp's Second Amended Complaint, which alleges that Topp was fraudulently induced to enter a September 12, 2003 written agreement with Uniden. This written agreement provided that Uniden would supply Topp with returned phones. Topp claims that Topp was promised **all** of Uniden's returned phones under this contract, while Uniden argues that Uniden reserved the right to keep returned product for certain purposes.

After considering the motion, response, reply to the response, and the pertinent portions of the record, the Court finds that Topp has not stated a claim for which relief can be granted. The Court dismisses the fraudulent inducement claim (Count 4) on the basis of the plain contractual language at issue and Florida's economic loss rule.

## I. PROCEDURAL BACKGROUND

On April 6, 2007, Topp filed its Second Amended Complaint. Count 4 alleges that Topp was fraudulently induced to enter its September 12, 2003 written agreement with Uniden. (2d Am. Compl. ¶49-51). On April 26, 2007, Uniden filed a Motion to Dismiss Topp's Amended Count 4 (Fraud), in which Uniden claims that Florida's economic loss rule bars Topp's fraudulent inducement claim. (D.E No. 290). As support for this proposition, Uniden argues that the conduct forming the basis of the tort was not independent of the contract claims and that the damages in both contract and tort are the same. Id.

In Topp's Response to Uniden's Motion to Dismiss, Topp asserts that its count is "crystal clear" that Uniden's fraud induced the written contract. (D.E. No. 301 at 1). Topp further elaborates that Uniden made intentional misrepresentations of existing fact by stating that it was currently providing Topp with all of its returned cordless phones ("B-Stock"). Id. at 2. Topp also argues that Uniden falsely represented that it intended to deliver all of its returned cordless phones to Topp in the future. Id. at 3-4.

Uniden's reply reiterates that the written contract gave Uniden the right to retain an unlimited amount of B-Stock product. (D.E. No. 307 at 1). The company further asserts that no fraud action can lie where the alleged fraud contradicts a subsequent written contract and that Topp's alleged

fraud and contract damages are the same. Id. at 1-2. Finally Uniden argues that the allegedly fraudulent statements concerned the same injury in tort and contract. Id. at 3.

## II.  STANDARD

A court will not grant a motion to dismiss unless the plaintiff cannot prove any facts that would entitle him to relief. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969); St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986).

## III.  STATEMENT OF LAW

### A.  Florida Law Applies

The Court reiterates its prior finding that Florida law and not Texas law applies to this claim, rejecting Topp's assertion that "it would be perverse" to apply Florida law. The Court previously ruled on this issue after a choice of law analysis, and again adopts its prior conclusion.

### B.  The Economic Loss Rule

Under Florida law, the economic loss rule operates to bar tort claims for purely economic loss in cases involving a defendant who is a manufacturer or distributor of a product or where the parties have contractual privity. See Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). If the parties have contractual privity, and a claim for tort simply restates a claim for

breach of contract, the tort claim is barred. Eclipse Med., Inc. v. Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1354 (S.D. Fla. 1999), aff'd, 235 F.3d 1344 (11th Cir. 2000); see also Thompkins v. Lil' Joe Records, Inc., 476 F.3d 1294, 1316 (11th Cir. 2007) (stating that the fraud claim was the exact basis for the breach of contract claim and that the economic loss rule "probably" applied); Time Int'l, S.A. v. Safilo U.S.A., Inc., 802 So. 2d 382, 383-84 n.1 (Fla. Dist. Ct. App. 2001) (stating that a claim for fraud in the inducement is not barred by the economic loss rule as a matter of law, but if the claim is not independent of contract, then the economic loss rule will apply).

Underlying the economic loss rule is the assumption that the parties to a contract have allocated the economic risks of nonperformance through the bargaining process. A party to a contract who attempts to circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than he originally made. Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004).

*1. The Language of the Contract*

No action for the tort of fraud in the inducement will lie where the alleged fraud contradicts a subsequent written contract. Eclipse, 262 F. Supp. 2d at 1342. Reliance on fraudulent representations is unreasonable as a matter of law in such situations. Id. (citing Barnes v. Burger King Corp., 932 F. Supp. 1420, 1428 (S.D. Fla 1996)). Fraudulent inducement claims will fail even where the subsequent contract "simply says nothing" about the allegedly false promise. Id. at 1342.

Furthermore, when alleged misrepresentations are discussed and incorporated into a written contract containing a merger clause that supercedes all prior representations and agreements, the economic loss rule bars recovery for fraudulent inducement. Bates v. Rosique, 777 So. 2d 980, 982

(Fla. Dist. Ct. App. 2001); Hotels of Key Largo v. RHI Hotels, Inc., 694 So. 2d 74, 77 (Fla. Dist. Ct. App. 1997); see also Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co., 208 F. Supp. 2d 1310, 1319 (S.D. Fla. 2002) (highlighting merger clauses in the contracts at issue); Barnes, 932 F. Supp. at 1424. A party cannot take a position contradictory to a contract that plainly and unambiguously states that there are no other agreements or representations other than those contained in the contract. Bates, 777 So. 2d at 982; see also Englezios v. Batmasian, 593 So. 2d 1077, 1078 (Fla. Dist. Ct. App. 1992) ("A party may not recover in fraud for an alleged oral misrepresentation which is adequately dealt with in a later written contract.").

### 2. Tort and Contract Claims Must be Distinct and Separate

A plaintiff cannot avoid the economic loss rule merely by labeling a claim as fraud or fraud in the inducement. See Hotels of Key Largo, 694 So. 2d at 77; Behrman v. Allstate Ins. Co., 388 F. Supp. 2d 1346, 1349, aff'd, 178 Fed. Appx. 862 (11th Cir. 2006). Misrepresentations relating to the breaching party's performance under a contract do not give rise to an independent cause of action because such misrepresentations are interwoven and indistinct from the heart of the contractual agreement. Hotels of Key Largo, 694 So. 2d at 78; see also Premix-Marbletite Mfg. Corp. v. SKW Chem., Inc., 145 F. Supp. 2d 1348 (S.D. Fla 2001) (barring fraudulent inducement claim where misrepresentations constituting fraud went "directly to the heart of the parties' contractual relationship"). Ultimately, a claim that a defendant fraudulently induced a party to enter a contract by misrepresenting his intention to abide by the terms of the contract is barred by the economic loss rule. Excess Risk, 208 F. Supp. 2d at 1319.

In <u>Hotels of Key Largo</u>, the plaintiffs claimed that the defendants fraudulently induced them into entering licensing agreements that would allow the plaintiffs to join the Radisson Hotels family and receive the attendant benefits. 694 So. 2d at 75. The plaintiffs argued that the defendants did not fulfill their obligations, yet the court ruled that the terms of the contract were "clear and unambiguous" and that the plaintiffs did not state a cause for fraudulent inducement. <u>Id.</u> at 76. The type of fraud claim at issue was not independent of the contract, so the economic loss rule applied. <u>Id.</u> at 78.

In <u>Excess Risk</u>, statements allegedly made by a defendant to induce the plaintiff to enter into the contracts at issue were also embodied in the contracts. 208 F. Supp. 2d at 1319. Therefore, the court ruled that the claim for fraudulent inducement were barred by the economic loss rule. <u>Id.</u> The plaintiff failed to state a claim independent from the acts and omissions that constituted the breach of contract. <u>Id.</u> at 1318. In addition, the court in <u>Behrman</u> barred a fraudulent inducement claim because it determined that pre-contract statements that variable annuity contracts would not endanger plaintiff's "nest egg" related to defendant's alleged breach of the terms of the subsequent agreement. 388 F. Supp. 2d at 1349-50.

### 3. *Exceptions*

The Court does not suggest that the tort of fraudulent inducement has been completely abrogated by the economic loss rule in contracts cases. However, courts should ensure that the fraudulent inducement is actually extraneous to the contract itself. <u>See</u> <u>Medalie v. FSC Sec.</u>, 87 F. Supp. 2d 1295, 1305 (S.D. Fla. 2000). For instance, if the ability of one party to negotiate fair terms

is undermined by the defendant's fraudulent behavior, then a truly independent cause of action lies and is not barred by the economic loss rule. Hotels of Key Largo, 694 So. 2d at 77.

In another Southern District of Florida case, Judge Alan Gold found that some of the defendant's alleged misrepresentations were the same allegations that formed the basis of the contract claim, but other statements were not embodied in the contract. MeterLogic, Inc. v. Copier Solutions, Inc., 126 F. Supp. 2d 1346, 1362 (S.D. Fla. 2000) ("The most important representation being that KCPL, KLT, and KLT, Inc. 'were firmly behind their proposed business arrangements, … had funded the development ... of the technology, … [and] owned the technology….' These statements were not embodied in the parties' contracts, and they are the types of allegations that fall under the justification for the fraud exception to the economic loss rule described in Hotels [of Key Largo]."). Judge Gold ruled that the fraudulent inducement claim survived due to the latter alleged statements. Id.

Furthermore, if a misrepresentation is made and relied upon in inducing the completion of the transaction, then it qualifies as a term of the bargain. Allen v. Stephan Co., 784 So. 2d 456, 458 (Fla. Dist. Ct. App. 2000); see also Medalie, 87 F. Supp. 2d at 1305 (discussing how misrepresentations pertaining to the amount of risk and return involved with securities were made in order to induce the plaintiffs to purchase the securities). The economic loss rule does not apply to bar fraudulent inducement under those circumstances. Allen, 784 So. 2d at 458. However, if the misrepresentation is made in connection with a party's performance, requiring continuing action on the part of the party making the misrepresentation, then that fraud is barred by the economic loss rule. Id.

## IV.  ANALYSIS

### A.  The Contractual Language Operates to Negate Topp's Fraudulent Inducement Claim

Topp alleges that it was fraudulently induced to enter the September 13, 2003 contract with Uniden based upon Uniden's misrepresentations that it would supply all of its B-Stock cordless phones to Topp.  Subsequent to these alleged misrepresentations, however, the parties agreed to the terms of the contract providing that Uniden could retain any of the B-Stock product it chose to sell on its own.  As a result, it was impossible for Uniden to unlawfully "skim" the best B-Stock.  The terms of the contract are fair and "crystal clear."

The Court finds that Paragraph 1(a) of the contract negates any claim Topp might have had regarding the B-Stock product that Uniden rightfully reserved.[1]  As in Bates, the seller's alleged misrepresentations in this case were made in connection with the seller's performance under the agreement.  See Bates, 777 So. 2d at 982-83.  All alleged misrepresentations or inducements are fully addressed and incorporated into the written contract between Uniden and Topp.  That is, Topp contends that it was promised all of the B-Stock product from Uniden, but the contract clearly resolves the question of quantity in Paragraph 1(a).  Furthermore, by operation of the merger clause at Paragraph 3(k) of the contract, any prior agreements or understandings as to this contract merge into the final written contract between the parties.[2]  See Hotels of Key Largo, 694 So.2d at 77-78.

---

[1] This provision states that Uniden agrees "[t]o sell exclusively to Topp all of its B-Stock Products, **except for Products used for Uniden's customer repair, customer service, or consumer direct sales**."  (D.E. No. 104, Tab 15 (emphasis added)).

[2] This provision states in relevant part: "**This Agreement constitutes the entire understanding between the parties** with respect to the subject matter hereof and supersedes any prior agreements, written or oral, with respect thereto."  (D.E. No. 104, Tab 15 (emphasis added)).

The cases Topp cites in an effort to show that fraudulent inducement occurred or that Uniden did not intend to perform are irrelevant. The Court finds that Topp could not have been fraudulently induced to enter the contract at issue, as the essence of the complaint pertains to an act by Uniden that is clearly permitted by the contractual language. Borrowing from <u>Tevini v. Roscioli Yacht Sale, Inc.</u>, "[t]o hold otherwise is to invite contracting parties to make agreements… and then avoid them by simply taking the stand and swearing that they relied on some other statement." 597 So. 2d 913, 914 (Fla. Dist. Ct. App. 1992). Topp is limited to those remedies available to it pursuant to its contract with Uniden and cannot now take a position contradictory to the contract.

### B. Topp's Claim is also Barred by the Economic Loss Rule

Even if Topp could escape the plain language of the contract to pursue its fraudulent inducement claim, the core issue raised by Topp is not the fairness of the contract terms themselves but whether Uniden intended to and did comply with them. Topp claims that Uniden fraudulently induced it to enter the agreement by promising Topp all of the returned B-Stock that Uniden received. Then Topp argues that Uniden did not provide it with all of the B-Stock and never intended to do so. These facts are essentially identical to the first part of Topp's breach of contract claim in Count 1 of its Second Amended Complaint. (2d Am. Compl. ¶¶20-26). Thus, Topp's fraudulent inducement claim in this case is not at all extraneous to its breach of contract claims, and Topp does not allege any different injury or additional damages as a result of the alleged fraud. This is supported by Topp's own admissions in the record.[3]

---

[3] Uniden has identified several places in the record where Topp has conceded that the damages are the same. (D.E. No. 288 at Tab M, N at 52).

Topp is merely attempting to re-label its breach of contract as tortious conduct, which is not permitted under the economic loss rule. See Behrman, 388 F. Supp. 2d at 1349-50. Allowing tort remedies in cases such as this would threaten to completely eclipse contractual remedies and would undermine the reliability of commercial transactions. See Williams Elec. Co. v. Honeywell, Inc., 772 F. Supp. 1225, 1237-38 (N.D. Fla 1991). Topp does not allege any separate misrepresentation that induced it to enter the contract, so the rationale of MeterLogic does not apply in this case. Additionally, the facts here clearly do not involve a representation inducing completion of a transaction, since Uniden was required to perform for a period of two years subsequent to the contract's execution. Therefore, Allen is likewise immaterial. Similar to Magistrate Judge Simonton's decision in her Report and Recommendation, this Court finds through independent analysis that Topp's fraudulent inducement claim is barred by Florida's economic loss rule.

## V.  CONCLUSION

Viewing the Second Amended Complaint in the light most favorable to the plaintiff and accepting the plaintiff's well-pleaded facts as true, the Court finds that Topp has not stated a claim for which relief can be granted. The fraudulent inducement claim, Count 4, is hereby dismissed on the basis of the plain contractual language at issue and Florida's economic loss rule.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of September, 2007.

                                                                                                        _____

                                                                    FEDERICO A. MORENO
                                                                     UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record