UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  05-21698-CIV-MORENO

TOPP, INC., a Florida corporation,

    Plaintiff,

vs.

UNIDEN AMERICA CORPORATION, a Delaware corporation,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE ANSWER TO COUNTERCLAIM

THIS CAUSE came before the Court upon Uniden's Motion to Strike Topp's Amended Answer to Uniden's Counterclaim **(D.E. No. 311)**, filed on **May 29, 2007**.

THE COURT has considered the motion, response, reply to the response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED**.  It is further

**ADJUDGED** that Plaintiff's request for leave to amend *nunc pro tunc* is **DENIED**.

Topp cannot now amend its Answer to counterclaims brought by Uniden in November of 2005.  To date, Uniden has never amended its counterclaims, instead incorporating them by reference into its Answer to Topp's Second Amended Complaint.  The Court finds no provision of Federal Rule of Civil Procedure 15(a) (governing amended pleadings) that supports Topp's position.  Furthermore, Rule 12(a)(2), which provides for 20 days to reply to a counterclaim, does not apply in this case because Topp already replied to Uniden's Counterclaim on December 21, 2005 (D.E. No.

18).

Topp's argument that Uniden unfairly added affirmative defenses in its Answer to Topp's Second Amended Complaint is unavailing. First of all, Topp should have moved to strike Uniden's Answer within 10 days under Rule 15(a) and presented its arguments at that point in time. Moreover, the reason why Uniden filed additional affirmative defenses in its Answer is because Topp actually amended its Complaint. As the Court noted above, Uniden has never amended its counterclaims, and Topp filed its Answer and Affirmative Defenses to those counterclaims nearly two years ago. Topp's comparison is inexpedient. Finally, the Court will not entertain Topp's improbable argument that Uniden is not prejudiced by Topp's unauthorized amendment. The Court finds that prejudice is clear.

Topp's filing is untimely and the Court does not grant leave to Topp to amend its Answer. As a result, no further discussion of the standard to strike a pleading under Rule 12(f) is warranted. In addition, the Court will not deny Uniden's Motion based on Uniden's alleged failure to make a L.R. 7.1.A.3 Certification. Topp's Amended Answer is (D.E. No. 306) is stricken.

DONE AND ORDERED in Chambers at Miami, Florida, this 22 day of October, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record