UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 05-21698-CIV-MORENO

TOPP, INC., a Florida corporation,

    Plaintiff,

vs.

UNIDEN AMERICA CORPORATION, a Delaware corporation,

    Defendant.
_____/

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS TO COUNT II (BREACH OF CONTRACT: COSTCO-MEXICO)

THIS CAUSE came before the Court upon Uniden America Corporation's Motion for Summary Judgment as to Count II (Breach of Contract: Costco-Mexico) **(D.E. No. 339)**, filed on **August 15, 2007**.

THE COURT has considered the motion, response, reply to the response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED**.

### I. Standard of Review

Summary judgment is authorized when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the party opposing the motion, who must set forth specific facts and establish the essential elements of his case on which he will bear the

burden of proof at trial.   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Inferences are drawn in favor of the non-moving party, but such inferences "must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." Thompson Everett, Inc. v. Nat'l Cable Advert., 57 F.3d 1317, 1323 (4th Cir. 1995). The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings." Fed. R. Civ. P. 56 (c). Rule 56(e) mandates that a party moved against respond with affidavits, depositions, or otherwise, in order to reflect that there are material facts which must be presented to a jury for resolution. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-61 (1970). Thus, where the record could not support a finding by the trier of fact for the non-movant, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587.

## II. Analysis

In light of the fact that the liability and damages portions of this case have been bifurcated, the Court finds that this breach of contract claim should be tried together with the other remaining claims in this case. There appears to be a number of potential fact issues pertaining to Count II that are appropriately left to a jury. For instance: whether a contract existed as a result of email discussions and a purchase order (#4925); whether Uniden effectively rejected the purchase order; and whether Topp, Inc. should be considered the same "economic unit" as Topp-Mexico. Therefore, the non-movant Topp has met its burden under the standard set forth in Federal Rule of Civil Procedure 56 and binding precedent, and summary judgment is inappropriate.

Nevertheless, the Court notes that Topp has produced little or no evidence of lost profit damages on Count II. The deposition transcript of Uniden representative Dan McWilliams (D.E.

364) filed in support of its Memorandum in Opposition to Uniden's Motion for Summary Judgment as to Count II (D.E. 347) is not relevant to the issue of damages. Topp also relies upon the Declaration of Robert Rubin, the CEO of Topp, Inc., as evidentiary proof of a 14% profit on both a $400,000 purchase order and $3,000,000 in additional "lost sales." (Rubin Decl. 3.) Rubin serves as the Rule 30(b)(6) corporate representative for Topp, and it is clear from his declaration that he is testifying "as to matters known or reasonably available to the organization" and not merely from personal experience. Fed.R.Civ.P. 30(b)(6). By commissioning Rubin as the designated voice of the corporation, Rule 30(b)(6) obligates Topp to prepare Rubin to give binding testimony on the corporation's behalf. See Rainey v. Am. Forest and Paper Ass'n, Inc., 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (citations omitted). Therefore, essentially what is contained in Rubin's declaration pertaining to Count II amounts to nothing more than a reiteration by Topp, the plaintiff itself, that it has suffered damages. This evidence may be insufficient.[1]

Regarding the actual amount of damages, Topp draws upon the Rubin Declaration to allege that the appropriate figure equals 14% of the total $3,400,000. While that amount would equal $476,000 if properly calculated, Topp instead claims an apparently arbitrary $450,000. Furthermore, Topp has produced no July purchase orders amounting to $400,000.

The $3,000,000 of additional lost sales may likewise be unsubstantiated. Uniden points out that it was under no obligation to supply Topp with an additional quantity of phones that would result in $3,000,000 of lost sales. The Court has granted summary judgment with respect to all

---

[1] Additionally, the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit or declaration that directly contradicts, without explanation, his previous testimony. Albertson v. T.J. Stevenson & Co., 749 F.2d 223, 228 (5th Cir. 1984). In this case, it appears that Rubin's declaration may directly contradict his deposition testimony, if Topp-Mexico is found to be a separate entity from Topp, Inc. (Rubin Dep. 303:10-19.)

alleged breaches of oral agreements and Topp has supplied no purchase orders or other evidence supporting this $3,000,000 amount. Thus the figure appears purely speculative. See Thompson Everett, Inc. v. Nat'l Cable Advert., 57 F.3d 1317, 1323 (4th Cir.1995) (Inferences are drawn in favor of the non-moving party, but such inferences "must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture."); Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (In order to withstand the motion for summary judgment, the plaintiff had to substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.") (citations omitted); Air Caledonie v. AAR Parts Trading, Inc., 315 F. Supp. 2d 1319, 1341 (S.D. Fla. 2004) (ruling that for damages, a plaintiff must establish some reasonable basis in fact; mere speculation or guesswork will not suffice) (citing Smith v. Austin Dev. Co., 538 So.2d 128, 129 (Fla. Dist. Ct. App. 1989)). Thus, Rubin's testimony appears to consist entirely of "approximations and estimates" that may be insufficient to support a verdict on damages. See Air Caledonie, 315 F. Supp. 2d at 1341.

The only conclusive record evidence of a July purchase order is one faxed to Uniden in the amount of $156,850 for 1000 TRU8885-3HS phones.[2] If the jury were to find that Uniden did not

---

[2] As evidence in support of its Count II claim for breach of a July purchase order contract, Topp repeatedly points to a May email discussion between the parties. Topp argues that this conversation actually formed the contract at issue, but it appears to simply be a negotiation. Despite Uniden's Al Silverberg's comment thanking Topp's President Jaime Topp for the order, the Court cannot determine what contractual terms are elucidated by the exchange. This is because Topp's Francisco Saa stated that Topp only wanted 3000 units – including zero phones of the variety at issue in Count II (TRU8885-3HS) – if the company could not get a 5% discount. (D.E. 348, Ex. 2.) Furthermore, the Court will not take the logically precarious leap toward characterizing this inconclusive May email exchange as establishing the Count II July contract claim. As the parties hopefully would agree, May should not be considered "on or about July" considering that May is not the month of July itself, nor even a month adjacent to July on the calendar. However, even if this email exchange did qualify as the July purchase order contract set forth in Topp's Second Amended Complaint (D.E. No. 280, at ¶ 36), at maximum Topp has proven an order for 1000 TRU8885-3HS pieces. That is same quantity represented in the only purchase order submitted on the record for Count II. (D.E. No. 348, Ex. 6.)

sufficiently object to this purchase order or fulfill the alleged contract, and if it finds that Topp, Inc. and Topp-Mexico are the same economic unit, during the liability phase of the trial, then the amount of damages would be 14% of $156,850 (assuming for the purposes of this discussion that 14% is the correct profit margin). That total amounts to $21,959. Therefore, in the event that the jury were to proceed to the damages phase of the trial, the Court reserves the right to cap an award in excess of $21,959 or otherwise reduce the award as necessary to reflect the actual profit margin on this purchase order.

DONE AND ORDERED in Chambers at Miami, Florida, this 28 day of November, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record