UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 05-21698-CIV-MORENO

TOPP, INC., a Florida corporation,

    Plaintiff,

vs.

UNIDEN AMERICA CORPORATION, a Delaware corporation,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO LIMIT LIABILITY PHASE OF THE TRIAL

THIS CAUSE came before the Court upon Uniden America Corporation's Motion to Limit the Liability Phase of the Trial to the Issues Raised by the Pleadings and to Prevent Plaintiff from Using Its Stricken Fraud in the Inducement Claim as a Defense to the Counterclaim, filed on **December 12, 2007**.

THE COURT has considered the motion, response, reply to the response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED** in part.

The Court finds the September 12, 2003 written B-Stock contract to be unambiguous. As the parties agreed, Texas law governs this contract. Under Texas law, a court does not consider course of dealing evidence when a contract is unambiguous. James L. Gang & Assocs. v. Abbott Labs. Inc., 198 S.W.434, 437 (Tex. App. 2006) (citing Frost Nat'l Bank v. L & F Distribs., Ltd., 165 S.W.3d 310, 313 n.3 (Tex. 2005)).

Furthermore, the B-Stock contract is not an "output contract."[1] Uniden explicitly reserved the right to retain an unlimited amount of B-Stock product for customer repair, customer service, or consumer direct sales. Therefore, it is clear to the Court that Uniden did not agree to sell its entire output to Topp.

As a result of these findings, no course of dealing evidence prior to the date of September 12, 2003 shall be admitted. In addition, under the parol evidence rule, the Court will preclude any evidence to vary or contradict the unambiguous language of the September 12, 2003 contract. Further, it is

**ORDERED** that, consistent with what the undersigned stated in open court, no evidence of fraudulent inducement by Uniden shall be admitted to support a claim or defense by Topp.

DONE AND ORDERED in Chambers at Miami, Florida, this 28 day of February, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

---

[1] "An output contract is one in which the buyer agrees to buy the seller's entire output of production." Lanape Res. Corp. v. Tenn. Gas Pipeline Co., 925 S.W.2d 565, 569 (Tex. 1996).