# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 05-21698-CIV-MORENO/SIMONTON

**TOPP, INC., a Florida corporation,**

> **Plaintiff,**

v.

**UNIDEN AMERICA CORPORATION,**
**a Delaware corporation,**

> **Defendant.**

_____/

## JURY INSTRUCTION NO. 1.

### Consideration of the Evidence
### Duty to Follow Instructions
### Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for

any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations, you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## JURY INSTRUCTION NO. 2.

### Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

## JURY INSTRUCTION NO. 3.

### Impeachment of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## JURY INSTRUCTION NO. 4.

**Burden of Proof**
**When There Are Multiple Claims or**
**When Both Plaintiff and Defendant or**
**Third Parties Have Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately. However, in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## JURY INSTRUCTION NO. 5.

### Introduction to Claims, Defenses and Counterclaims

At this point in these instructions, I describe the relevant claims, defenses and counterclaims of the two parties. The Plaintiff Topp has asserted three claims against the Defendant Uniden.

First, Topp claims that Uniden breached the 2003 written contract by: failing to use best efforts and good faith in supplying the goods promised; failing to sell all "B stock" to Topp; reaching agreements with AVS and Wal-Mart which deprived Topp of returned goods; and failing to ship goods to Topp starting in May and June 2005, and thereafter wrongfully terminating the contract. Uniden denies a breach in all of these respects.

Second, Topp alleges that Uniden wrongfully interfered with Topp's business relationship with Lectron Radio Sales, Inc. Uniden denies that wrongful interference.

Third, Topp alleges that Uniden breached a contract. This alleged contract is a purchase order for 1000 new cordless phones in July 2004. Uniden denies that there was a valid contract.

Uniden also counterclaims that Topp breached the parties' written contract by failing to pay money that Uniden alleges was due and owing under the contract. In defense to Uniden's counterclaim, Topp alleges that

- 6 -

Topp's nonpayment was excused by Uniden's prior material breach of that contract.

You will consider each claim and counterclaim separately.  I will now instruct you on the law pertinent to each of these claims, defenses and counterclaims.

## JURY INSTRUCTION NO. 6.

### Contract Formation and Breach

The first issue for your determination is whether or not a contract existed. A contract is defined as an agreement between two or more parties who promise to each other to do or to refrain from doing a particular, lawful thing. In order for there to be a contract, both parties must agree to the same terms. Therefore, when one party makes an offer to another party, the person receiving that offer must accept the terms of that offer as given to him, and if he changes the terms of that offer and then communicates those changes to the party who initiated the offer, there is no mutual consent sufficient to create a contract unless the proposed changes are agreed to by both parties.

The elements of a breach of contract are: (1) the existence of a valid contract; (2) substantial performance by the claimant; and (3) material breach by the other party.

If a contract existed, then the second issue for your determination is whether or not a party breached its contract. The term "breach" as applied to contract law is defined as a failure to perform any promise or duty which forms the whole or part of the contract. A breach may also include the refusal of a party to the contract to recognize its existence or the doing of some act which is inconsistent with the terms of the contract.

- 8 -

Thus, a breach of contract is a legal term which means that one of the parties to a contract failed to keep a promise made in the contract.

In determining the materiality of a breach, you should consider the extent to which the non-breaching party would be deprived of the benefit it reasonably expected from full performance and the extent to which the behavior of the party failing to perform comports with the standards of good faith and fair dealing. Breaches of contract which do not seriously impair the purpose of the underlying contractual provisions are not material.

# **JURY INSTRUCTION NO. 7.**

The contract at issue in Count 1 of this case is the parties' written "B-Stock" agreement dated September 12, 2003.  On September 30, 2004, the parties modified or amended their written B-Stock contract.  Such a modification or amendment to a contract is permissible and enforceable when, as here, both parties agreed to the change.

## JURY INSTRUCTION NO. 8.

A contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent.

A signed agreement which excludes modification or rescission except by a signed writing cannot be otherwise modified or rescinded, but except as between merchants such a requirement on a form supplied by the merchant must be separately signed by the other party.

## JURY INSTRUCTION NO. 8A.

### Waiver of Strict Performance

The right to performance of a contract may be waived expressly or by implication from the acts or conduct evidencing an intention not to insist on performance, or by acts that are inconsistent with a decision to require strict performance of the contract.

## JURY INSTRUCTION NO. 8B.

### Exclusive Dealing and Best Efforts

An agreement for "exclusive dealing," such as the 2003 written contract, imposes an obligation by the seller to use best efforts to supply the goods at issue to the buyer, and an obligation by the buyer to use best efforts to promote their sale.   Parties to such contracts must use reasonable diligence as well as good faith in their performance of the contract.

## JURY INSTRUCTION NO. 9.

### Duty of Good Faith and Fair Dealing

An implied covenant or agreement of good faith (which means honesty in fact) and fair dealing is a part of every contract, whether or not set forth in the contract. This requirement is a part of every express term of the contract, and you should bear it in mind in applying any of the other terms of the contract.

## JURY INSTRUCTION NO. 10.

### Contract Interpretation: B-Stock

The parties are in dispute as to the meaning of the term "B-stock" in the written contract.

You should interpret the written contract considering the following: the language used in the contract; the purpose to be accomplished by the contract; any other provisions in the agreement that might aid in its interpretation; and the circumstances surrounding the execution of the contract.

The parties' agreement may be supplemented or explained, but not contradicted, by any of the following evidence: (1) the course of performance of the parties during the time covered by the contract; or (2) the practice or custom of their trade. All of these should be reconciled and harmonized if possible with the words of the contract. If it is impossible to reasonably read all of these as consistent, in the case of an unresolvable conflict, the words of the agreement prevail, followed in importance by course of performance and usage of trade.

A course of performance is a sequence of conduct between the parties that exists if there are repeated occasions for performance, and the other party, with knowledge of the nature of the performance and opportunity for objection, accepts the performance and acquiesces in it without objection.

- 15 -

A usage of trade is any practice or method of dealing having such regularity in a trade as to justify an expectation that it will be observed with respect to the transaction in question.

## JURY INSTRUCTION NO. 11.

### Tortious Interference: Elements

The Plaintiff Topp claims that the Defendant Uniden interfered with its business relationship with Lectron Radio Sales, Inc. The elements of tortious interference with a business relationship are: (1) the existence of a business relationship; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference.

## JURY INSTRUCTION NO. 12.

### Settlement

Uniden alleges as a defense that Topp's claims in Counts 1 and 3 are barred by a settlement and release. To prevail on this defense, Uniden must prove that: (1) the parties reached a settlement agreement that they fully intended would cover and release the Plaintiff's claims; and (2) the full terms of the settlement agreement were actually performed by Uniden.  If Uniden proves that the parties reached a settlement as explained above, then your verdict on Counts 1 and 3 should be for Defendant Uniden.

## JURY INSTRUCTION NO. 13.

### Costco Sale

Topp's third claim is for an alleged contract based on a purchase order for 1000 new cordless phones. The first element of this claim is the existence of a valid contract. As previously mentioned, a contract is an offer that has been accepted. In the context of a purchase order, that offer has to be rejected within 10 days. If not rejected within 10 days, the Plaintiff must still prove the existence of a valid contract.

If a party is required to take a certain action within 10 days, and the tenth day falls on a Sunday or a holiday, the party is permitted to take the action on the following Monday or business day.

July 25, 2004 was a Sunday.

July 26, 2004 was a Monday.

The other elements of this claim are substantial performance by the claimant and material breach by the other party. I have previously instructed you on the meaning of breach, which also applies to this claim.

Uniden denies that any contract was formed.

## JURY INSTRUCTION NO. 14.

### Uniden's Breach of Contract Counterclaim

Uniden alleges in a counterclaim that Topp breached the B-Stock contract by failing to pay outstanding invoices for goods. The elements of breach of contract, as in Topp's first and third counts, are: (1) the existence of a valid contract; (2) substantial performance by the claimant; and (3) material breach by the other party. Topp denies that Uniden substantially performed and claims that it was entitled to suspend performance based on the prior material breach of Uniden.

## JURY INSTRUCTION NO. 15.

### Suspension of Performance

When one party repudiates a contract with respect to a performance not yet due, the other party may suspend its own performance under the contract, and resort to any remedy it chooses so long as it moves in good faith.

Similarly, when one party breaches its material obligations under a contract, as I have defined them to you, the other party is excused from further performance under the contract.

A buyer's failure to timely pay for goods ordered and accepted excuses the seller of any obligation to sell additional goods.

When reasonable grounds for insecurity exist, a party may make a written demand for adequate assurance of performance by the other party and may, if commercially reasonable, suspend its own performance until it receives such assurance.

# JURY INSTRUCTION NO. 16.

## Explanation of Verdict Form

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.