UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 05-21698-CIV-MORENO

TOPP, INC., a Florida corporation,

    Plaintiff,

vs.

UNIDEN AMERICA CORPORATION, a Delaware corporation,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SEEK PUNITIVE DAMAGES

THIS CAUSE came before the Court upon Plaintiff Topp, Inc.'s Motion for Leave to Seek Punitive Damages **(D.E. No. 440)**, filed on **March 18, 2008**.

THE COURT has considered the motion, response, reply to the response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED** for the following reasons:

The Court previously struck Plaintiff's attempt to add a punitive damages claim to Count IV in the Second Amended Complaint on June 7, 2007 (D.E. No. 314).[1] Plaintiff did not receive permission from the Court to add punitive damages. It was at that time that the Plaintiff should have moved for the Court to reconsider its Order striking punitive damages and provided the legal argument and support it now offers in seeking to obtain punitive damages for Count III. Furthermore, as Plaintiff was clearly armed with the knowledge that it should have pled punitive

---

[1] Count IV was for Fraudulent Inducement, and it was subsequently dismissed on September 25, 2007 (D.E. No. 358).

damages in its original and Amended Complaint, as evinced by the fact that it attempted to add punitive damages to Count IV of its Second Amended Complaint, Plaintiff likewise should have moved to add a punitive damages claim to Count III for tortious interference at least as early as it attempted to add such a claim to Count IV.  At this stage of the litigation and under these circumstances, it is too late for Plaintiff to seek punitive damages.

Moreover, under applicable Florida law, the issue of whether or not Plaintiff can obtain punitive damages is partly one that required resolution at the liability phase of trial.[2]  Florida Statutes Section 768.72(2) clearly states: "A defendant may be held liable for punitive damages only if the trier of fact, **based on clear and convincing evidence**, finds that the defendant was personally guilty of intentional misconduct or gross negligence."  A review of Plaintiff's proposed jury instruction, filed on March 3, 2008 (D.E. No. 408), indicates that Plaintiff did not request a clear and convincing evidence instruction regarding their tortious interference claim.  Predictably, there is no mention of the clear and convincing evidence standard in the final Jury Instructions (D.E. No. 432).  Therefore, the Court rules that Plaintiff waived punitive damages and did not meet the requisite burden of proof in the liability phase of trial.

Finally, Federal Rule of Civil Procedure 54(c) does require that the Court grant relief that a party is entitled to, regardless of the pleadings.  However, even if Plaintiff's motion were timely filed, despite the fact that it was submitted after the Jury had already returned its verdict on liability,

---

[2] According to Cohen v. Office Depot, Inc., Florida Statutes Section 768.72 partially conflicts with Federal Rule of Civil Procedure 8(a)(3), which requires a "concise statement identifying the remedies and the parties against whom relief is sought. . . ."  See 184 F.3d 1292, 1296-99 (11th Cir. 1999) (applying a lengthy *Erie* analysis to § 768.72).  As a result of Cohen, the pleading components of § 768.72 do not apply in federal diversity cases such as this one.  However, Florida law, including the substantive elements of § 768.72, still applies to the claims in this case that are not governed by the parties' B-Stock contract (such as Count III for tortious interference).

the Court finds that the facts in support of the verdict on Count III for tortious interference do not entitle Plaintiff to punitive damages. Jury Instruction Number 11 stated that the elements of tortious interference are: "(1) the existence of a business relationship; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference." (D.E. No. 432.)  For Count III, the Jury Verdict reads, "Did Uniden wrongfully interfere with a business relationship between Topp and Lectron?" (D.E. No. 434.)  The Jury responded in the affirmative, but there is no indication that the Jury found "**actual knowledge of the wrongfulness of the conduct**" on behalf of Uniden, as required under Florida law for punitive damages. See Fla. Stat. § 768.72(2)(a).  There is certainly no indication that the Jury found "intentional misconduct" by clear and convincing evidence. See Fla. Stat. § 768.72(2).  Of course, the Jury was not instructed on the clear and convincing evidence standard because punitive damages were not at issue in this case.  Plaintiff shall not be permitted to resurrect punitive damages immediately before the damages phase of trial.

Plaintiff's request in the alternative to amend its pleadings to add punitive damages is **DENIED** for the reasons stated above.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of April, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record